# EXHIBIT A

# STATE OF NEW YORK
_____

                                 3008--B

# IN SENATE

                            January 22, 2025
                             _____

A BUDGET BILL, submitted by the Governor pursuant to article seven of
  the Constitution -- read twice and ordered printed, and when printed
  to be committed to the Committee on Finance -- committee discharged,
  bill amended, ordered reprinted as amended and recommitted to said
  committee -- committee discharged, bill amended, ordered reprinted as
  amended and recommitted to said committee

AN ACT to amend the executive law, in relation to the Waterfront Commis-
  sion Act (Part A); to amend part I of chapter 413 of the laws of 1999
  relating to providing for mass transportation payments in relation to
  the amount of payments in the Central New York Regional Transporta-
  tion District and adding Cortland County to such District (Part B); to
  amend chapter 368 of the laws of 2019 amending the vehicle and traffic
  law and state finance law relating to establishing a pre-licensing
  course internet program, in relation to extending the effectiveness
  thereof; and to amend the vehicle and traffic law, in relation to the
  pre-licensing course internet program (Part C); to amend the vehicle
  and traffic law, in relation to abandoned vehicles (Part D); inten-
  tionally omitted (Part E); intentionally omitted (Part F); to amend
  the vehicle and traffic law, in relation to requiring that all limited
  use motorcycles sold in the state of New York be registered (Part G);
  intentionally omitted (Part H); to amend part PP of chapter 54 of the
  laws of 2016, amending the public authorities law and the general
  municipal law relating to the New York transit authority and the
  metropolitan transportation authority, in relation to extending
  provisions of law relating to certain tax increment financing
  provisions; to amend the public authorities law, in relation to
  requiring the metropolitan transportation authority to publish certain
  information pertaining to capital project data for projects that are
  committed for construction on the capital program dashboard, to
  preparing a comparison of the metropolitan transportation corpo-
  ration's performance and to maintaining a database of capital needs;
  and directing the metropolitan transportation corporation to publish a
  planned scheduling for any projects included in its capital program
  plan (Part I); to amend chapter 929 of the laws of 1986 amending the
  tax law and other laws relating to the metropolitan transportation
  authority, in relation to extending certain provisions thereof appli-
  cable to the resolution of labor disputes (Part J); to amend the

 EXPLANATION--Matter in **italics** (underscored) is new; matter in brackets
                      [-] is old law to be omitted.
                                                         LBD12573-04-5

shows, by a preponderance of the evidence, that the violation was not intentional and resulted from a bona fide error made notwithstanding the maintenance of procedures reasonably adopted to avoid such error.

[8.] **4.** The following are exempt from the requirements of this article:

a. any service provided by a business or its affiliate where either the business or its affiliate is doing business pursuant to a franchise issued by a political subdivision of the state;

b. any entity, or subsidiary or affiliate thereof, regulated by the department of financial services;

c. security system alarm operators;

d. banks, bank holding companies, or the subsidiary or affiliate of either, or credit unions or other financial institutions, licensed under state or federal law; and

e. sellers and administrators of a service contract, as defined pursuant to section seven thousand nine hundred two of the insurance law.

§ 3. This act shall take effect on the sixtieth day after it shall have become a law.

PART X

Section 1. Section 349-a of the general business law is renumbered 349-h and a new section 349-a is added to read as follows:

**§ 349-a. Pricing. 1. As used in this section, the following terms shall have the following meanings:**

**(a) "Algorithm" means a computational process that uses a set of rules to define a sequence of operations.**

**(b) "Clear and conspicuous disclosure" means disclosure in the same medium as, and provided on, at, or near and contemporaneous with every advertisement, display, image, offer or announcement of a price for which notice is required, using lettering and wording that is easily visible and understandable to the average consumer.**

**(c) "Consumer" means a natural person who is seeking or solicited to purchase, lease or receive a good or service for personal, family or household use.**

**(d) "Consumer data" means any data that identifies or could reasonably be linked, directly or indirectly, with a specific natural person or device, excluding location data.**

**(e) "Dynamic pricing" means pricing that fluctuates dependent on conditions.**

**(f) "Personalized algorithmic pricing" means dynamic pricing derived from or set by an algorithm that uses consumer data as defined in this section, which may vary among individual consumers or consumer populations, provided, however, that personalized algorithmic pricing shall not include reduction in price based on promotional offers, loyalty program benefits, or other temporary discounts for the retention of existing customers.**

**(g) "Person" means any natural person, firm, organization, partnership, association, corporation, or any other entity domiciled or doing business in New York state.**

**2. It shall constitute a deceptive act or practice in violation of section three hundred forty-nine of this article for any person to knowingly advertise, promote, label or publish a statement, display, image, offer or announcement of personalized algorithmic pricing using consumer data specific to a particular individual without a clear and conspicuous disclosure that states:**

```
 1      "THIS PRICE WAS SET BY AN ALGORITHM USING YOUR PERSONAL DATA".
 2      § 2. Subdivision 3 of section 396 of the general business law is
 3  renumbered subdivision 4 and a new subdivision 3 is added to read as
 4  follows:
 5      3. a. For purposes of this subdivision, "protected class data" means
 6  information about an individual person or groups of people that direct-
 7  ly, in combination, or by implication identifies a characteristic that
 8  is legally protected from discrimination under the laws of this state or
 9  under federal law, including but not limited to ethnicity, national
10  origin, age, disability, sex, sexual orientation, gender identity and
11  expression, pregnancy outcomes and reproductive health care.
12      b. No person, firm, partnership, association or corporation, or agent
13  or employee thereof, shall use protected class data in setting a price
14  for, offering, marketing, or selling any good or service if the use of
15  that data has the effect of withholding or denying a person, to whom the
16  protected class data pertains to, any of the accommodations, advantages,
17  utility, or privileges accorded to others who do not share the charac-
18  teristics of such protected class data.
19      c. Nothing in this subdivision shall apply to:
20      (i) any insurance policy offerings enumerated under section one thou-
21  sand one hundred thirteen of the insurance law, including policies
22  procured by a duly licensed excess line broker pursuant to section two
23  thousand one hundred eighteen of the insurance law;
24      (ii) An entity subject to the federal Fair Credit Reporting Act (15
25  U.S. Code § 1681) when processing information in compliance with such
26  act or its implementing;
27      (iii) An entity subject to the Gramm-Leach-Bliley Act (Public Law No.
28  106-102) processing information in compliance with such act or its
29  implementing regulations;
30      (iv) pricing associated with membership-based programs offering exclu-
31  sive benefits, services, or discounts related to customer affiliation
32  with an organization or group, provided that such program is not prima-
33  rily engaged in the sale of goods or services to the general public at
34  retail; or
35      (v) pricing necessary for compliance with local, state or federal law.
36      § 3. Paragraph d of subdivision 4 of section 396 of the general busi-
37  ness law, as added by chapter 689 of the laws of 2022 and as renumbered
38  by section two of this act, is amended to read as follows:
39      d. In addition to any other remedies provided in this section, any
40  person aggrieved by a violation of subdivision three of this section may
41  file an action in accordance with section two hundred ninety-seven of
42  the executive law. Nothing in this section shall in any way limit rights
43  or remedies which are otherwise available under law to the attorney
44  general or any other person authorized to bring an action under this
45  section.
46      § 3-a. Section 396 of the general business law is amended by adding a
47  new subdivision 5 to read as follows:
48      5. A online retailer that also functions as a marketplace for the sale
49  of goods to consumers in this state, with total annual revenue exceeding
50  one billion dollars, may not alter the initially published price estab-
51  lished through dynamic pricing listed on any product more than once in a
52  single calendar day. Once price for a good is established, it must be
53  retained for the entirety of the calendar day regardless of location or
54  purchasing behavior of the consumer. Nothing in this subdivision shall
55  apply to auction-based listings, provided such listings are promoted as
```

such. For the purposes of this section, "dynamic pricing" shall have the same meaning as section three hundred forty-nine-a of this chapter.

§ 4. This act shall take effect on the sixtieth day after it shall have become a law.

PART Y

Section 1. The banking law is amended by adding a new article 14-B to read as follows:

ARTICLE 14-B
BUY-NOW-PAY-LATER LENDERS

Section 735. Short title.
        736. Definitions.
        737. License.
        738. Conditions precedent to issuing a license; procedure where application is denied.
        739. License provisions and posting.
        740. Application for acquisition of control of buy-now-pay-later lender by purchase of stock.
        741. Grounds for revocation or suspension of license; procedure.
        742. Superintendent authorized to examine.
        743. Licensee's books and records; reports.
        744. Acts prohibited.
        745. Limitation on charges.
        746. Consumer protections.
        747. Authority of superintendent.
        748. Penalties.
        749. Severability.

§ 735. Short title. This article shall be known and may be cited as the "buy-now-pay-later act".

§ 736. Definitions. As used in this article, the following terms shall have the following meanings:

1. "Consumer" means an individual who is a resident of the state of New York.

2. "Buy-now-pay-later loan" means closed-end credit provided to a consumer in connection with such consumer's particular purchase of goods and/or services, payable in four or fewer installments without interest, other than a motor vehicle as defined under section one hundred twenty-five of the vehicle and traffic law. A "buy-now-pay-later loan" does not include credit where the creditor is the seller of such goods and/or services, unless it is credit pursuant to an agreement whereby, at a consumer's request, the creditor purchases a specific good and/or service from a seller and resells such specific good and/or service to such consumer on closed-end credit.

3. "Buy-now-pay-later lender" means a person who offers buy-now-pay-later loans in this state. For purposes of the preceding sentence, "offer" means offering to make a buy-now-pay-later loan by extending credit directly to a consumer or operating a platform, software or system with which a consumer interacts and the primary purpose of which is to allow third parties to offer buy-now-pay-later loans, or both. A person shall not be considered a buy-now-pay-later lender on the basis of isolated, incidental or occasional transactions which otherwise meet the definitions of this section.

4. "Exempt organization" means any banking organization or foreign banking corporation licensed by the superintendent or the comptroller of the currency to transact business in this state or originating buy-now-