UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
NATIONAL RETAIL FEDERATION,

                Plaintiff,

     – against –                        Civil No. 25 Civ. 5500 (JSR)

LETITIA JAMES, in her official capacity as
Attorney General of New York,

                Defendant.
-------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT'S MOTION TO DISMISS THE COMPLAINT

LETITIA JAMES
Attorney General
State of New York
28 Liberty Street
New York, New York 10005
Tel.: (212) 416-8673

YUVAL RUBINSTEIN
Special Litigation Counsel
    *of Counsel,*

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ..................................................................................................... ii

PRELIMINARY STATEMENT .................................................................................................1

BACKGROUND ........................................................................................................................2

I.     OVERVIEW OF THE ACT ..............................................................................................2

II.    PLAINTIFF'S ALLEGATIONS.........................................................................................4

STANDARD OF REVIEW ........................................................................................................5

ARGUMENT ..............................................................................................................................6

I.     THE COMPLAINT FAILS TO ALLEGE A PLAUSIBLE FIRST AMENDMENT
CLAIM UNDER *ZAUDERER*...........................................................................................6

     A.    The *Zauderer* Standard ...........................................................................................6

     B.    The Act is Constitutional Under *Zauderer*.............................................................7

            1.    Plaintiff Fails to Plausibly Allege That the Disclosure in § 349-a(2)
Is Not Factual and is Controversial...........................................................7

            2.    The Purpose of § 349-a(2) is Reasonably Related to a Legitimate
Government Interest and is Not Unduly Burdensome............................11

II.    THE ACT IS NOT SUBJECT TO HEIGHTENED SCRUTINY......................................13

III.   THE COMPLAINT FAILS TO PLAUSIBLY ALLEGE THAT THE ACT IS
UNCONSTITUTIONAL ON ITS FACE .........................................................................15

CONCLUSION.........................................................................................................................16

# TABLE OF AUTHORITIES

CASES                                                                                    Page(s)

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009)............................................................................................5, 9

*Bell Atlantic Corp. v. Twombly,*
    550 U.S. 544 (2007)................................................................................................5

*Cent. Hudson Gas & Elec. Corp. v. Pub. Serv. Comm'n of N.Y.,*
    447 U.S. 557 (1980)..............................................................................................14

*Cho v. Chu,*
    No. 21 Civ. 2297, 2022 WL 2532446 (S.D.N.Y. May 12, 2022)...........................9-10

*Cho v. Chu,*
    No. 21 Civ. 2297, 2022 WL 4463823 (S.D.N.Y. Sept. 26, 2022).......................9-10

*CompassCare v. Hochul,*
    125 F.4th 49 (2d Cir. 2025) .............................................................7, 8, 9, 13, 15

*Connecticut Bar Ass'n v. U.S.*
    620 F.3d 81 (2d Cir. 2010).................................................6, 9, 10, 12, 13, 15

*Int'l Dairy Foods Ass'n v. Amestoy,*
    92 F.3d 67 (2d Cir. 1996)....................................................................................15

*Milavetz, Gallop & Milavetz, P.A. v. U.S.,*
    559 U.S. 229 (2010)..............................................................................................10

*Moody v. NetChoice, LLC*
    603 U.S. 707 (2024)..............................................................................................15

*Nat'l Ass'n of Mfrs. v. SEC,*
    800 F.3d 518 (D.C. Cir. 2015) ............................................................................9

*Nat'l Elec. Mfrs. Ass'n v. Sorrell,*
    272 F.3d 104 (2d Cir. 2001)...........................................6, 8, 9, 11, 13, 14, 15

*Nat'l Ass'n of Wheat Growers v. Bonta,*
    85 F.4th 1263 (9th Cir. 2023) .............................................................................10

*N.Y. State Restaurant Ass'n v. New York City Bd. of Health,*
    556 F.3d 114 (2d Cir. 2009)...........................................6, 8, 9, 12, 13, 15

*Poughkeepsie Supermarket Corp. v. Cnty. of Dutchess, N.Y.*,
  140 F. Supp. 3d 309 (S.D.N.Y. 2015)..............................................................14, 15

*Poughkeepsie Supermarket Corp. v. Dutchess Cnty., N.Y.*,
  648 F. App'x 156 (2d Cir. 2016) ..................................................6, 7, 8, 11, 12, 14

*R J Reynolds Tobacco Co. v. FDA*,
  96 F.4th 863 (5th Cir. 2024) ...............................................................................8, 13

*Safelite Group, Inc. v. Jepsen*,
  764 F.3d 258 (2d Cir. 2014).......................................................................................14

*SEC v. City of Rochester, N.Y.*
  731 F. Supp. 3d 455 (W.D.N.Y. 2024) ......................................................7, 8, 10, 11

*Zauderer v. Office of Disciplinary Counsel of the Supreme Court of Ohio*,
  471 U.S. 626 (1985)........................................................................................ *passim*

## STATUTES

N.Y. Gen. Bus. Law § 349
  § 349-a ...................................................................................................................1, 4
  § 349-a(1)(b) .............................................................................................................13
  § 349-a(2) ......................................................................................................... *passim*
  § 349-a(3) ..................................................................................................................13
N.Y Lab. Law § 203(e) .....................................................................................................7

## RULES

Fed. R. Civ. P. 8................................................................................................................5

Fed. R. Civ. P. 12(b)(6)...........................................................................................1, 5, 10

Defendant Letitia James ("Defendant"), in her official capacity as New York State Attorney General, respectfully submits this memorandum of law in support of her motion to dismiss the Complaint (ECF No. 8) pursuant to Federal Rule of Civil Procedure 12(b)(6).

## PRELIMINARY STATEMENT

The State of New York enacted a groundbreaking consumer protection statute, the Algorithmic Pricing Disclosure Act ("Act"), earlier this year. *See* N.Y. Gen. Bus. Law § 349-a. The Act responds to the growing use of computer algorithms to set prices by collecting consumers' personal data, which enables companies to charge consumers different prices for the same product or service, or to potentially engage in discriminatory pricing. The Act does not restrict the use of algorithmic pricing, but requires companies to post a clear and conspicuous notice advising consumers that "this price was set by an algorithm using your personal data." The purpose of this disclosure requirement is to help consumers make informed decisions concerning products or services that are priced using algorithms utilizing their personal data.

Plaintiff National Retail Federation ("Plaintiff") is a trade association whose members advertise online their commercial products, such as insect repellant, haircare products, backpacks, and grilling and smoking products. Plaintiff filed a Complaint on July 2, 2025—only a few days before the Act was scheduled to go into effect on July 8—alleging that the Act compels its members to engage in speech they do not agree with, thereby violating the First Amendment both on its face and as applied to Plaintiff's members. Because Plaintiff is bringing a paradigmatic pre-enforcement challenge to a commercial disclosure requirement, Plaintiff's First Amendment claim falls squarely within the domain of *Zauderer v. Office of Disciplinary Counsel of the Supreme Court of Ohio*, 471 U.S. 626 (1985). But the threadbare allegations in the Complaint fail to state a plausible claim at each step of the *Zauderer* analysis.

It is well-settled that *Zauderer* permits governments to require businesses to make factual and uncontroversial disclosures. (Point I (B)(1), *infra*.) Plaintiff, however, merely alleges that § 349-a(2) does not align with its members' preferred "brand identity" and "corporate messaging." But this self-serving complaint is wholly immaterial under *Zauderer*. Moreover, Plaintiff's unsubstantiated assertion that § 349-a(2) is misleading to consumers is both speculative and insufficient to satisfy Plaintiff's burden under *Zauderer*'s first step, as Plaintiff's members retain the ability to convey additional information to customers regarding their use of algorithmic pricing.

The Act also comfortably satisfies *Zauderer*'s rational basis review, as § 349-a(2) is reasonably related to the State's legitimate interest in helping consumers make informed decisions regarding products and services that are priced using algorithms. (Point I(B)(2), *infra*.) Plaintiff's aesthetic objection to § 349-a(2)'s supposed intrusion upon its members' online "pixel space" does not come close to establishing that the disclosure requirement is unduly burdensome. Nor does the Complaint establish any basis for subjecting § 349-a(2) to heightened scrutiny. Plaintiff concedes there is no precedent to impose strict scrutiny in this case, while intermediate scrutiny is unjustified because the Act does not restrict speech. (Point II, *infra*.)

Finally, because Plaintiff has failed to plausibly allege that the Act violates the First Amendment either on its face or as-applied to its members, (Point III, *infra*), the Court should grant Defendant's motion and dismiss the Complaint with prejudice.

## BACKGROUND

## I. OVERVIEW OF THE ACT

In January 2025, the proposed Executive Budget included a statutory provision making it a violation to offer "algorithmically personalized prices of goods and services based on data specific to an individual without clearly disclosing that the price is set by an algorithm using

personal data." *See* New York State Senate Staff Analysis of the 2025-26 Executive Budget, https://www.nysenate.gov/sites/default/files/admin/structure/media/manage/filefile/a/2025-02/bluebook-2025.pdf, at 56 (last visited July 28, 2025); *see also* FY 2026 New York State Executive Budget Transportation, Economic Development and Environmental Conservation Article VII Legislation Memorandum in Support, https://www.budget.ny.gov/pubs/archive/fy26/ex/artvii/ted-memo.pdf, at 20 ("The purpose of the bill is to help enhance consumers' awareness of sellers that offer or sell goods or services at a price based on personalized consumer data.") (last visited July 28, 2025). The proposed statute would further prohibit price discrimination through offering goods or services for sale based upon protected class characteristics. *Id.*

In March 2025, the Preventing Algorithmic Pricing Discrimination Act was introduced in the New York State Legislature. The Legislature cited to a 2025 Federal Trade Commission ("FTC") research study examining companies' use of personal data such as location or browser history to set individualized prices. *See* Senate Bill S7033, Senate Introducer's Memo, https://www.nysenate.gov/legislation/bills/2025/S7033 (last visited July 28, 2025); ECF No. 8, at 7, n.4 (citing FTC study). The Legislature noted that such individualized pricing can be utilized to charge consumer different prices for the same goods and services, and that companies have varied prices by zip code "with patterns suggesting racial and ethnic discrimination." *Id.* The statute was thus intended to "increase transparency, promote fairness, and help consumers make informed decisions." *Id.* The statute included a requirement that businesses notify consumers when prices are determined algorithmically, as well as a prohibition on the use of "protected class data" in setting the price of goods and services. *Id.*

The proposal regarding algorithmic pricing was subsequently enacted in May 2025 as part of the Executive Budget, and codified in N.Y. Gen. Bus. Law § 349-a. The Act does not prohibit the use of algorithmic pricing, but rather imposes a disclosure requirement:

> Any entity that sets the price of a specific good or service using personalized algorithmic pricing, and that directly or indirectly, advertises, promotes, labels or publishes a statement, display, image, offer or announcement of personalized algorithmic pricing to a consumer in New York, using personal data specific to such consumer, shall include with such statement, display, image, offer or announcement, a clear and conspicuous disclosure that states: "THIS PRICE WAS SET BY AN ALGORITHM USING YOUR PERSONAL DATA."

N.Y. G.B.L. § 349-a(2) (upper-case in original).[1]

## II.    PLAINTIFF'S ALLEGATIONS[2]

Plaintiff is a retail trade association, whose members include department stores, home goods and specialty stores, grocers, wholesalers, chain restaurants, and Internet retailers. ECF No. 8, at ¶ 5. Plaintiff alleges that its members use data shared by customers to deliver "personalized promotions" to them. *Id.* at ¶ 10. Plaintiff further alleges that such promotions are established through pricing algorithms that analyze customer data and publish prices. *Id.* at ¶ 11. The pricing algorithms purportedly utilize "customer inputs like purchase history, regional location, and demonstrated interest" to offer promotions, adjust pricing, and reward customer loyalty. *Id.*

---

[1] *See also* Adopted Budget Report for SFY 2025-2026, May 8, 2025, https://www.nysenate.gov/sites/default/files/open-data/fy-2026-adopted-budget-report-may-8-2025.pdf, at 59 (noting that adopted budget modified Executive Budget proposal "by making technical changes and removing the provisions regarding class identifiers") (last visited July 28, 2025)

[2] The plausible and non-conclusory factual allegations set forth in the Complaint are accepted as true only for purposes of this motion. Defendant does not admit the truth of Plaintiff's allegations.

Plaintiff's members use algorithmic pricing to offer their customers coupons or promotions based upon customized data revealing customers' purchasing habits or product preferences. *Id.* at ¶ 13. In addition, some of Plaintiff's members set prices utilizing software licensed from third-party vendors. *Id.* at ¶ 14. Plaintiff alleges that algorithmic pricing lowers "overall consumer prices in the aggregate," with studies establishing that price-setting algorithms "generally benefit consumers[.]" *Id.* at ¶ 15.

Plaintiff filed the instant Complaint on July 2, 2025, and seeks a declaration that the Act violates the First and Fourteenth Amendments "on its face" and "in its application against [Plaintiff's] members." *See* ECF No. 8, Prayer for Relief, at ¶ 1. The Complaint also requests that Defendant be enjoined from taking any action to enforce the Act. *Id.* at ¶ 2.

## STANDARD OF REVIEW

Under Rule 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility "when the Plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556-57). The pleading requirements under Rule 8 "demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* Rather, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Where a Plaintiff has failed to "nudge [his] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Id.* at 570.

<u>**ARGUMENT**</u>

**I.  THE COMPLAINT FAILS TO ALLEGE A PLAUSIBLE FIRST AMENDMENT CLAIM UNDER *ZAUDERER***

**A.  The *Zauderer* Standard**

It is well-settled that "[c]ommercial speech is subject to less stringent constitutional requirements than are other forms of speech." *Nat'l Elec. Mfrs. Ass'n v. Sorrell*, 272 F.3d 104, 113 (2d Cir. 2001) ("*NEMA*") (quotation marks omitted). Moreover, there are "material differences between disclosure requirements and outright prohibitions on speech." *Zauderer v. Office of Disciplinary Counsel of the Supreme Court of Ohio*, 471 U.S. 626, 650 (1985). Because the First Amendment protection afforded to commercial speech "is justified principally by the value to consumers of the information such speech provides," a commercial speaker's "interest in *not* providing any particular factual information in his advertising is minimal." *Id.* at 651 (emphasis in original); *NEMA*, 272 F.3d at 114 (commercial disclosure requirement "furthers, rather than hinders, the First Amendment goal of the discovery of truth and contributes to the efficiency of the 'marketplace of ideas'").

Under *Zauderer*, the disclosure of "'purely factual and uncontroversial' commercial speech" is "subject to the rational basis test." *N.Y. State Restaurant Ass'n v. New York City Bd. of Health*, 556 F.3d 114, 132 (2d Cir. 2009) ("*NYSRA*") (quotation marks omitted). The analysis involves "a determination of whether the required disclosure is reasonably related to the state's interest[.]" *Poughkeepsie Supermarket Corp. v. Dutchess Cnty., N.Y.*, 648 F. App'x 156, 157-58 (2d Cir. 2016) (quotation marks and bracket omitted). The government need not proffer "'evidence or empirical data' to demonstrate the rationality of mandated disclosures in the commercial context." *Connecticut Bar Ass'n v. U.S.*, 620 F.3d 81, 97-98 (2d Cir. 2010) (quoting *NYSRA*, 556 F.3d at 134, n.23). It is the party challenging the disclosure requirement that bears the burden to

"disprove every conceivable basis which might support" the requirement. *Poughkeepsie Supermarket Corp.*, 648 F. App'x at 158 (quotation marks omitted).

### B.      The Act is Constitutional Under *Zauderer*

#### 1.      Plaintiff Fails to Plausibly Allege That the Disclosure in § 349-a(2) is Not Factual and is Controversial

As a threshold matter, the information disclosed pursuant to § 349-a(2) is factual. Plaintiff readily acknowledges in the Complaint that pricing algorithms "analyze data and publish prices" using "customer inputs like purchase history, regional location, and demonstrated interest." *See* ECF No. 8, at ¶ 11. Plaintiff also concedes that retailers utilize algorithmic pricing to set prices and offer promotions to customers. *Id.* at ¶¶ 13-14. The plain language of § 349-a(2) thus accurately describes the practices of Plaintiff's members. *Poughkeepsie Supermarket Corp.*, 648 F. App'x at 158 (disclosure of item pricing about retailer's own goods was "purely factual").

Nor is § 349-a(2) "controversial" in a way that renders *Zauderer* inapplicable. In *CompassCare v. Hochul*, 125 F.4th 49 (2d Cir. 2025), a requirement that employee handbooks insert a notice of rights under New York Labor Law § 203-e, involving reproductive health decision-making, was challenged under the First Amendment. The Second Circuit held that the notice requirement satisfied *Zauderer* because "the existence and contents of the Act–and an employer's obligation to comply with it–is not itself controversial." *Id.* at 65. Plaintiff cannot plausibly allege that the topic of algorithmic pricing is somehow more controversial than the reproductive health care notice upheld in *CompassCare. See also SEC v. City of Rochester, N.Y.*, 731 F. Supp. 3d 455, 472-73 (W.D.N.Y. 2024) (requirement that municipal advisors disclose conflict of interest arising out of contingent fee arrangements was not controversial under *Zauderer*).

Plaintiff nonetheless alleges that *Zauderer* is inapplicable on three grounds. First, Plaintiff claims § 249-a(2) "does not seek to correct misleading commercial speech." ECF No. 8, at ¶ 35. But Plaintiff's assertion is contrary to entrenched precedent. In *NEMA*, the Second Circuit acknowledged that Vermont's labeling requirement for mercury-containing lamps "was not intended to prevent 'consumer confusion or deception' per se...but rather to better inform consumers about the products they purchase." 272 F.3d at 115 (quoting *Zauderer*, 471 U.S. at 651). Because the labeling requirement was not "inconsistent with the policies underlying First Amendment protection of commercial speech," it remained "governed by the reasonable-relationship rule in *Zauderer*." *Id.; see also NYSRA*, 556 F.3d at 133 (reaffirming *NEMA*'s holding that *Zauderer* is "broad enough to encompass nonmisleading disclosure requirements"); *Poughkeepsie Supermarket Corp.*, 648 F. App'x at 158 (local law that required price stickers to be placed on individual items for sale at retail, which was intended to "provide complete price information to consumers," satisfied *Zauderer*).[3]

Second, Plaintiff complains that the reference to "your personal data" in § 249-a(2) "potentially undermines trust and brand identity," and also "contradicts corporate messaging focused on customer-centric practices." ECF No. 8, at ¶ 35. In essence, Plaintiff contends that § 249-a(2) violates the First Amendment because Plaintiff and its members disagree with the message conveyed. But "[d]isclosure rules requiring speakers to disclose facts with which the speakers disagree are consistently found not to offend the First Amendment." *City of Rochester*, 731 F. Supp. 3d at 473.

---

[3] The Second Circuit's interpretation of *Zauderer* is in line with other circuits. *See R J Reynolds Tobacco Co. v. FDA*, 96 F.4th 863, 883 (5th Cir. 2024) (joining Second Circuit and several other circuits to "hold that *Zauderer* applies even when the government's claimed primary interest is not the prevention of consumer deception" because the *Zauderer* "standard is not that *only* anti-deception interests suffice, but that *any* legitimate state interest suffices[.]") (emphases in original).

In *NYSRA*, for example, the Second Circuit rejected the argument that New York City's regulation requiring calorie counts to be posted on restaurant menus violated the First Amendment because the plaintiff's "member restaurants do not want to communicate to their customers that calorie amounts should be prioritized among other nutrient amounts." 556 F.3d at 134; *CompassCare*, 125 F.4th at 66 (required notice in employee handbook did not prevent plaintiffs from sharing their "moral, political, and religious views" with employees). So too in this case, Plaintiff cannot utilize the First Amendment to wield a veto over § 249-a(2) on the basis that the disclosure "contradicts corporate messaging."[4]

Third, Plaintiff argues that § 249-a(2) will mislead consumers, who will "naturally but falsely conclude" that retailers rely upon customers' sensitive personal information in setting prices, and will use customers' personal information to increase prices. ECF No. 8, at ¶ 26; *Id.* at ¶ 35 (alleging § 249-a(2) will "falsely imply exploitative pricing"). But Plaintiff's conclusory assertion regarding what it believes consumers will "naturally" infer from § 249-a(2) is devoid of "sufficient factual matter" and "stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (quotation marks omitted). Indeed, Plaintiff resorts to speculating that the term "personal data" is "*likely* to evoke consumer concerns" about sensitive surveillance and exploitative pricing. ECF No. 8, at ¶ 35 (emphasis added). *See Cho v. Chu*, No. 21 Civ. 2297, 2022 WL 2532446, at *2 (S.D.N.Y. May 12, 2022), *R&R adopted*, 2022 WL

---

[4] Rather than citing to Second Circuit precedent, the Complaint cites to *Nat'l Ass'n of Mfrs. v. SEC*, 800 F.3d 518 (D.C. Cir. 2015) ("*NAM*"), in support. ECF No. 8, at ¶ 35. The panel in *NAM* held that an SEC rule, which required companies using minerals from the Democratic Congo of Republic to disclose whether the minerals were "conflict free," was not 'factual and non-ideological" because the label was "a metaphor that conveys moral responsibility for the Congo war." *Id.* at 530. *NAM* is clearly inapposite, as § 249-a(2) does not contain any similar value-laden moral judgment, and is no more ideological than the commercial speech disclosures upheld in cases such as *NEMA*, *NYSRA*, *Connecticut Bar Ass'n* and *Poughkeepsie Supermarket Corp.*

4463823 (S.D.N.Y. Sept. 26, 2022) (in deciding motion to dismiss under Rule 12(b)(6), "the Court need not credit speculative inferences").

Moreover, Plaintiff's argument that § 249-a(2) will somehow foster a misimpression among customers is deficient as a matter of law. In particular, Plaintiff's members still retain the ability to "convey[]…additional information" to further explain their use of algorithmic pricing. *Milavetz, Gallop & Milavetz, P.A. v. U.S.*, 559 U.S. 229, 250 (2010). Plaintiff's demand that Defendant be permanently enjoined from enforcing § 249-a(2) is all the more baseless given that Plaintiff's members retain this option.

In *Connecticut Bar Ass'n*, the plaintiffs "devote[d] considerable effort to arguing that" a federal bankruptcy statute "compels inaccurate or misleading disclosures." 620 F.3d at 98. The plaintiffs contended that the statute obligated them to inform debtors that, if they choose to file for bankruptcy, they may "want help" preparing their bankruptcy plan without requiring a further statement that only attorneys are authorized to provide such help. *Id.* The Second Circuit rejected this argument, as "nothing in [the challenged statutory provision] precludes an attorney from providing an assisted person with *more* information than is contained in the mandated disclosures to ensure accurately informed choice." *Id.* (emphasis in original); *City of Rochester*, 731 F. Supp. 3d at 474 (municipal advisors are "free to make clear" that views required to be conveyed in notice belong to financial regulator, and to inform their clients that contingency fee agreement "will not impact their advice or otherwise harm their clients").[5]

---

[5] The Complaint cites to another decision outside the Second Circuit, *Nat'l Ass'n of Wheat Growers v. Bonta*, 85 F.4th 1263, 1279 (9th Cir. 2023), which held that a disclosure requiring companies to state that an herbicide was carcinogenic contained "literally true statements" but did not satisfy *Zauderer* because "it still improperly elevates one side of a legitimately unresolved scientific debate." (quotation marks omitted). Here, however, § 249-a(2) does not take any side in a contested "debate," and the Ninth Circuit had no occasion to address whether conveying additional information could address any perceived misimpression, as the Second Circuit held in

Because Plaintiff has failed to plausibly allege that § 249-a(2) conveys information that is not factual and is controversial, Plaintiff's First Amendment claim must be dismissed.

> **2.** **The Purpose of § 249-a(2) is Reasonably Related to a Legitimate Government Interest and is Not Unduly Burdensome**

The notice requirement set forth in § 249-a(2) readily satisfies rational basis review under *Zauderer*. The Legislature cited the FTC's January 2025 research study examining the use of algorithmic pricing, and emphasized that algorithmic pricing can lead to consumers being charged different prices for the same products and services and potentially being subjected to discriminatory pricing. *See supra* at 3. The provision in the Executive Budget similarly emphasized that its purpose was to enhance consumers' awareness of sellers offering goods or services at a price based on personalized data. *Id.*

The disclosure requirement codified in § 249-a(2) is thus reasonably related to the State of New York's legitimate interest in "help[ing] consumers make informed decisions" regarding the purchase of products and services that are priced using algorithms. *Id.* The Second Circuit has consistently held that this justification for a commercial speech disclosure satisfies *Zauderer*'s rational basis standard. *See NEMA*, 272 F.3d at 115 (state's interest in "better inform[ing] consumers about the products they purchase" satisfied *Zauderer*'s "reasonable-relationship rule"); *Poughkeepsie Supermarket Corp.*, 648 F. App'x at 158 (price sticker requirement was "reasonably related to the state's valid interest in providing complete price information to consumers"); *see also City of Rochester*, 731 F.Supp.3d at 473-74 (disclosure requirement is reasonably related to governing authority's "legitimate interest in insuring participants in the municipal securities market are fully informed as to potential conflicts so as to make the best possible decisions").

---

*Connecticut Bar Ass'n.*

Plaintiff alleges in the Complaint that § 249-a(2) "does not survive *Zauderer* review" because it is "unjustified and unduly burdensome." ECF No. 8, ¶ 36. But Plaintiff's arguments are unavailing. First, Plaintiff alleges that § 249-a(2) is unjustified because its transparency goal is not supported by "evidence of real, cognizable harms" or of "actual consumer deception." *Id.* at ¶ 36. But Defendant need not present "'evidence or empirical data' to demonstrate the rationality of mandated disclosures in the commercial context." *Connecticut Bar Ass'n*, 620 F.3d at 97-98 (quoting *NYSRA*, 556 F.3d at 134, n.23). It is Plaintiff that bears the burden to "disprove every conceivable basis which might support" the rationality of § 249-a(2). *Poughkeepsie Supermarket Corp.*, 648 F. App'x at 158. Nor does § 249-a(2) require evidence of consumer deception to satisfy rational basis review, as *Zauderer*'s reach extends beyond deceptive practices. *See supra* at 8.

Second, Plaintiff rehashes the assertion that § 249-a(2) is based upon the "unfounded and incorrect assumption" that algorithmic pricing is inherently harmful to consumers. ECF No. 8, at ¶ 36. But Plaintiff's ability to convey additional information addressing this alleged "assumption" undermines any plausible contention that § 249-a(2) is unduly burdensome. *See supra* at 9-10.

Third, Plaintiff complains that the "formatting and placement requirements" in § 249-a(2) will somehow "displace" retailers' online content, and impinge upon retailers' ability to "curate" their customers' shopping experience. ECF No. 8, at ¶ 36. Plaintiff also alleges that posting the required notice obligates retailers to "surrender a significant amount" of their online "pixel space," which is "valuable real estate." *Id.* at ¶ 27. But Plaintiff's aesthetic objection does not come close to plausibly alleging that § 249-a(2) is "intrinsically burdensome" to retailers. *Zauderer*, 471 U.S. at 653, n.15.

The Act's definition of "clear and conspicuous disclosure" requires that entities "us[e] lettering and wording that is easily visible and understandable to the average consumer." N.Y.

G.B.L. § 349-a(1)(b). The Complaint fails to allege any facts plausibly showing that this modest requirement would somehow "displace" retailers' online content or otherwise "offend the First Amendment by chilling protected commercial speech." *Zauderer*, 471 U.S. at 651; *see also R J Reynold*s, 96 F.4th at 886 (rejecting plaintiff's argument that warnings regarding tobacco use are unduly burdensome given that "plaintiffs can still speak on 80% of their advertisements" and "still control more than 50% of the total surface area of their cigarette packages"). Nor do retailers possess an unfettered First Amendment right to "curate" their customers' online shopping experience without being "impinge[d]" upon by a reasonable commercial disclosure requirement.[6]

## II.    THE ACT IS NOT SUBJECT TO HEIGHTENED SCRUTINY

The Complaint alleges that § 249-a(2) should be subject to strict scrutiny on the grounds that it compels speech and treats commercial speakers differently based upon the subject matter of their advertisements. ECF No. 8, at ¶ 30. But Plaintiff candidly acknowledges that "neither the Supreme Court nor the Second Circuit have applied strict scrutiny to compelled commercial disclosures[.]" *Id.* Plaintiff's concession understates the matter. The Second Circuit has consistently applied rational basis analysis to commercial disclosure requirements in comparable cases such as *NEMA*, *NYSRA*, *Connecticut Bar Ass'n*, and *Poughkeepsie Supermarket Corp. See supra.* In *CompassCare*, the Second Circuit reaffirmed that commercial disclosures in advertising are subject "to a level of scrutiny resembling rational basis review" under *Zauderer*. 125 F.4th at

---

[6] The Complaint also cites to the exceptions to the notice requirement set forth in § 249-a(3). ECF No. 8, at ¶ 20. Although the Complaint does not appear to allege that these exceptions render *Zauderer* inapplicable, any such argument would be deficient as a matter of law. *Zauderer* makes clear that a commercial disclosure requirement is not subject to a First Amendment challenge merely because "it does not get at all facets of the problem it is designed to ameliorate." 471 U.S. at 651, n.14; *see also NEMA*, 272 F.3d at 115 (district court erred in finding Vermont statute underinclusive, as statute was rationally related to state's goal even if it "may ultimately fail to eliminate all or even most mercury pollution in the state").

64. Such regulations "are not subject to strict scrutiny because they do not prescribe what shall be orthodox in politics, nationalism, religion, or other matters of opinion or force citizens to confess by word or act their faith therein." *Id.* (quotation marks omitted). Plaintiff's assertion that strict scrutiny is applicable is thus baseless.

Plaintiff alternatively maintains that the intermediate scrutiny standard set forth in *Cent. Hudson Gas & Elec. Corp. v. Pub. Serv. Comm'n of N.Y.*, 447 U.S. 557 (1980) and its progeny applies to § 249-a(2). ECF No. 8, at ¶¶ 31-33. Although Defendant does not concede Plaintiff has plausibly alleged that § 249-a(2) violates the First Amendment under *Central Hudson*, Plaintiff is mistaken in asserting that *Central Hudson* applies in the first place. *Central Hudson* involved a First Amendment challenge to the "complete suppression" of an electrical utility's advertising. *Id.* at 571. The Second Circuit has thus emphasized that *Central Hudson* should only "be applied to statutes that *restrict* commercial speech." *NEMA*, 272 F.3d at 115 (emphasis in original). Absent such suppression of commercial speech, "*Zauderer*, not [*Central Hudson*], describes the relationship between means and ends demanded by the First Amendment in compelled commercial disclosure cases." *Id.* Because Plaintiff does not, and cannot plausibly, allege that § 249-a(2) directly restricts any commercial speech, the *Central Hudson* intermediate scrutiny analysis is inapplicable.

The Second Circuit has applied intermediate scrutiny to commercial disclosure requirements in only a "few and narrow" cases that are inapposite to Plaintiff's claims. *Poughkeepsie Supermarket Corp. v. Cnty. of Dutchess, N.Y.*, 140 F. Supp. 3d 309, 314 (S.D.N.Y. 2015), *aff'd*, 648 F. App'x 156 (2d Cir. 2016). In *Safelite Group, Inc. v. Jepsen*, 764 F.3d 258, 264 (2d Cir. 2014), intermediate scrutiny applied to a Connecticut statute prohibiting insurance companies and claims administrators from recommending an affiliated auto-glass repair company

14

unless a competitor was also named. But in this case, § 249-a(2) only encompasses a company's own products and services, not those of competitors. In *Int'l Dairy Foods Ass'n v. Amestoy*, 92 F.3d 67, 74 (2d Cir. 1996) ("*IDFA*"), intermediate scrutiny was applied to a statute requiring dairy manufacturers to identify products derived from dairy cows treated with a synthetic growth hormone, as the satisfaction of "consumer curiosity alone" was an insufficient state interest. But the Second Circuit has construed *IDFA* narrowly to its facts and held that mercury-labeling requirements for lamps and the disclosure of calorie contents on menus were justified by government interests beyond the satisfaction of consumer curiosity. *NEMA*, 272 F.3d at 115, n. 6; *NYSRA*, 556 F.3d at 134; *see also Connecticut Bar Ass'n*, 620 F.3d at 96, n.16.

Because § 249-a(2) "involves neither a mandated disclosure about something other than the speaker's own products, nor information to be provided for no reason other than curiosity," *Poughkeepsie Supermarket Corp.*, 140 F. Supp. 3d at 315, the narrow exceptions to *Zauderer* are inapplicable.

## III. THE COMPLAINT FAILS TO PLAUSIBLY ALLEGE THAT THE ACT IS UNCONSTITUTIONAL ON ITS FACE

The Complaint alleges that § 249-a(2) is unconstitutional both on its face and as applied to Plaintiff's members. *See* ECF No. 8, Prayer for Relief, at ¶ 1. But Plaintiff's decision to bring a facial challenge "comes at a cost." *Moody v. NetChoice, LLC*, 603 U.S. 707, 723 (2024). In First Amendment cases, the Supreme Court has imposed a "rigorous standard" whereby a law will be determined to be facially unconstitutional "only if the law's unconstitutional applications substantially outweigh its constitutional ones." *Id.* at 723-24.

The Complaint, however, falls well short of satisfying this "rigorous standard." The sparse factual allegations focus solely upon the purported impact of § 249-a(2) as applied to Plaintiff's members. ECF No. 8, at ¶¶ 10-14. The Complaint also cites a handful of academic studies allegedly

15

establishing that algorithmic pricing mechanisms lower "*overall* consumer prices in the aggregate," and "*generally* benefit consumers." *Id.* at ¶ 15 (emphases added). But these citations do not plausibly establish that any unconstitutional applications of § 249-a(2) substantially outweigh its constitutional ones. Thus, Plaintiff's putative facial challenge to § 249-a(2) is fatally flawed.

## **CONCLUSION**

For the reasons set forth above, Defendant respectfully requests that the Court dismiss the Complaint with prejudice, together with such other and further relief as the Court deems just and proper.

Dated: New York, New York
July 28, 2025

Respectfully submitted,

LETITIA JAMES
Attorney General
State of New York
By:

_____/s/_____
Yuval Rubinstein
Special Litigation Counsel
28 Liberty Street
New York, New York 10005
(212) 416-8673
yuval.rubinstein@ag.ny.gov

**<u>CERTIFICATION</u>**

In accordance with Rule 7.1(c) of the Local Rules of the Southern and Eastern Districts of New York, I hereby certify that the Memorandum of Law in Support of Defendant's Motion to Dismiss the Complaint contains 4,745 words, exclusive of the caption, table of contents, table of authorities, and signature block, as established using the word count function of Microsoft Word.

_____/s/_____
Yuval Rubinstein
